## CIRCUIT COURT OF ARLINGTON COUNTY

Michael R. McLeod,
J. Lawrence Hirsch,
and W. Howard Rooks

v.

Gordon T. Yamada et al.

February 12, 1991

Case No. (Chancery) 89-1067

### By JUDGE WILLIAM L. WINSTON

The question arises in the interpretation of the will of Helen Mae Posey whether the power of sale granted in her will is merely a "naked" power of sale or whether it is a power of sale coupled with an interest. If the power of sale is coupled with an interest, the title to the real property passes to the executors only in their representative capacities. However, if the power of sale is "naked," then the title to the real property passes to the devisees at decedent's death. G. Smith, *Harrison on Wills and Administration*, § 405, p. 359 (3rd ed. 1990).

However, the distinction between a power of sale coupled with an interest and a "naked" power of sale is not always clear. In *Coles v. Jamerson*, 112 Va. 311, 316 (1911), the court noted that in the case of a power of sale coupled with an interest, title to the real property vests in the executor, while in the "naked" power of sale situation, the title vests in the heirs subject to divestment by the execution of the power of sale by the executor. The court further explained that:

> if the land is devised to the executor to sell,
> or devised subject to the debts of the testator,

> this passes the interest in the lands to the executor; but a direction that the executors shall sell the land gives them only a power of sale, and no interest in the land, *Id.*

Problems arise in this case because testator purportedly devises and bequeaths the remainder of her property to her daughters per stirpes and then makes that devise subject to the powers granted to the executors. In addition, another factor here is that the executors and devisees are the same persons, resulting in ambiguity in the testator's intention. In the absence of this identity between the executors and the devisees, and without any clear direction regarding the purpose of the sale and disposition of the funds, the power of sale would be "naked" and the title upon death of the testatrix would have "dropped like a rock" to the devisees freed of the power of sale.

In Virginia, it is the intent of the testator that determines whether the power of sale is coupled with an interest. An indication of testator's intent for the power to be coupled with an interest is when the estate as well as the power is in the donee, as in this case. *The Personal Representative's Power to Sell Realty in Virginia*, 15 William & Mary Law Review 949, 959 (1974). Furthermore, "only a naked power is conferred when realty is devised to a named beneficiary expressly authorized to take possession subject to the debts of the testator or to the payment of legacies." *Id.*

The case of *Mosby's Administrator v. Mosby's Administrator*, 50 Va. (9 Gratt.) 584, 595 (1853), sheds further light on the power coupled with an interest. In *Mosby*, the will at issue directed the executors at their discretion "whenever they should think best" to sell real property and distribute the proceeds to beneficiaries. *Id.* at 585. The court concluded that the power of sale was coupled with an interest and held that the testator intended to break the descent and that he did not intend that the devisees hold the real property jointly; he "intended that all of it should be divided, and they should receive their several portions." Furthermore, contrary to defendant's argument, the *Mosby* case demonstrates that the language granting a power of sale coupled with an interest

may be discretionary rather than mandatory. Furthermore, the *Mosby* case:

> aligns with the common law rule providing for the imposition of a trust when the active testamentary duties imposed on the executor are such that granting him legal title is reasonably necessary to accomplish the avowed purposes of the will and when the trust · thus implied sustains, rather than defeats, the disposition made in the will. Virginia courts, it is submitted, are likely to apply such a rule in the future unless the will clearly shows the testator's contrary intent, since imposing a trust in the executor pending sale of the realty profits the beneficiaries and the estate by encouraging efficiency of administration and maximizing the sale price. *The Personal Representative's Power to Sell Realty in Virginia, supra,* at 960.

Based upon the foregoing, it appears that it was the testator's intention to pass to the devisees the beneficial interest in the property, as well as the power in their representative capacities to dispose of the property. The power of sale is therefore one which is coupled with an interest. Indeed, the interest is the ownership of the beneficial interest in the property by those holding the power of sale.

It is this Court's belief as with the *Mosby* court that the testator here did not intend that the real property be held jointly but that the executors should have the power to sell the property and then receive their portions. Such finding is also consistent with further language in the will providing that "any action or decision of the majority of the Executors shall be as effective as if taken or made by all of the Executors." This provision is only logical if the title to the real property passed to the executors.

Therefore, · because this court finds the power of sale in testator's will to be coupled with an interest, title to the real property vested in the executors in their personal representative capacities eliminating the

need for the executors' spouses joinder in a sale of the property. In view of the finding that title vested in the fiduciaries in accordance with the foregoing, it is unnecessary then to consider the questions of whether time is of the essence, anticipatory breach, or marketability of title. The court specifically finds that the title devised and ultimately conveyed was "good and marketable."

In accordance with the foregoing, the court is of the opinion that the plaintiffs are entitled to specific performance of the contract and damages. In computing the damages, it appears that they should include interest on the purchase money from the date of the extended settlement, *viz.*, October 22, 1989, until the date of actual settlement at the legal rate, together with reasonably necessary maintenance and utility bills incurred during that same period along with the adjustment of taxes and insurance.